**NOT FOR PUBLICATION**

AUG 01 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO ANTONIO JOVEL SANTOS, | No. 12-70199 |
| Petitioner, | Agency No. A094-299-258 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:      ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Roberto Antonio Jovel Santos, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judges' ("IJ") decision denying his motion to reopen removal

proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We  review for abuse

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of discretion the denial of a motion to reopen, and review de novo claims of due process violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Santos' motion to reopen where Santos did not submit any supporting materials with his motion to reopen. *See* 8 C.F.R. § 1003.23(b)(3) ("Any motion to reopen for the purpose of acting on an application for relief must be accompanied by the appropriate application for relief and all supporting documentation.").

The BIA did not abuse its discretion in denying Santos' motion to reopen alleging ineffective assistance by the attorney who represented him before the IJ, where he failed to comply with the threshold requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the alleged ineffective assistance was not "plain on the face of the administrative record." *See Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000).

In light of our disposition, we need not reach Santos' remaining contentions.

**PETITION FOR REVIEW DENIED.**